IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAFAEL JEAN PETITPHAIT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV179 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER CHRISTENSEN, #1632, | ) | **MEMORANDUM** |
| OFFICER WILLIAMSON, #1635, | ) | **AND ORDER** |
| OMAHA POLICE DEPARTMENT, | ) | |
| and CITY OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, brings this lawsuit for the purpose of requesting that this court reopen *Petitphait v. Christensen*, Case No. 8:12CV45 (D. Neb.), which was dismissed without prejudice on April 6, 2012, after the court determined that Plaintiff's Amended Complaint failed to state a claim upon which relief could be granted. Plaintiff attempted to reopen Case No. 8:12CV45 on April 9, 2018, by filing an Amended Complaint and a "Request to Produce" in that case. This court denied relief, stating:

> To the extent Plaintiff seeks relief from the court's judgment, Plaintiff is not entitled to such relief as this case was closed six years ago and his motion was not made within a reasonable time. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Moreover, Plaintiff's newly filed Amended Complaint fails to state a claim for the same reasons noted in the court's April 6, 2012 Memorandum and Order.

(Filing No. 12 in Case No. 8:12CV45.) Citing Neb. Rev. Stat. § 25-207, the court also observed that "Plaintiff's Amended Complaint also appears to be barred by the applicable four-year statute of limitations as he complains about an arrest that

occurred '13 plus years' ago." The court warned Plaintiff against filing any more documents in that case. (Filing No. 12 in Case No. 8:12CV45.)

In Plaintiff's new case, he complains about the same June 6, 2006, events at issue in Case No. 8:12CV45, expressly stating that he has continued "trying to secure evidence" regarding the complaint in that closed case; that he "is requesting the court to reopen said case with a docket number of 8:12CV45"; and that he "apologizes to the court for taking so long to proceed with prosecution of this matter." (Filing No. 1 in Case No. 8:18CV179.)

Plaintiff cannot use this case to reopen Case No. 8:12CV45. *Richmond v. Minnesota*, No. CIV. 14-3566, 2014 WL 5464814, at *4 (D. Minn. Oct. 27, 2014) ("The correct means to [reopen one's prior litigation] is not through filing a new complaint . . . , but through filing a motion in the original proceeding for relief from the judgment entered in that case.").[1] Further, because this case makes the same claims regarding the same incident as that involved in Case No. 8:12CV45, and for the reasons stated in Case No. 8:12CV45 (Filing No. 6; Filing No. 8), this case shall be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

---

[1]As stated above, Plaintiff filed a motion seeking relief from judgment in his original case, and it was denied as untimely. (Filing No. 12 in Case No. 8:12CV45.)

DATED this 1st day of August, 2018.

>BY THE COURT:
>
>s/ *Richard G. Kopf*
>Senior United States District Judge